1 GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
2 LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
3 1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
4 Telephone: (510) 433-2600
Facsimile: (510) 433-2699
5
Attorneys for Defendant
6 DUDLEY PERKINS COMPANY

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   Case No. C-08-4552 CW

12              Plaintiff,   **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

13 v.

14 DUDLEY PERKINS COMPANY,

15              Defendant.

16

17       IT IS HEREBY STIPULTED by and between the parties to this action:

18       1.   Disclosure and discovery activity in this action involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use of any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal: Civil Local Rule 79-5 sets forth procedures that must be followed and reflects the standards that will be subject to the approval of this Court, the parties hereby stipulate to the following protective order:

2. In connection with discovery proceedings in this action, the parties agree that Dudley Perkins personnel files produced in response to discovery requests propounded by the EEOC will be produced to the EEOC with private identifying information redacted (social security number, date of birth, contact information).

3. Should any portion of said personnel files be filed with the Court prior to trial, or identified as an exhibit during a deposition, the names of the individuals will be redacted by the filing party. Each employee shall be identified by a letter or number to the extent the parties need to reference the individual in motions, etc. This agreement does not preclude a party from seeking relief from this clause should a party deem it necessary to submit into evidence portions of the personnel files during trial.

4. In connection with discovery proceedings in this action, the parties agree that job applications submitted to Dudley Perkins, which remain in the possession, custody or control of Dudley Perkins pursuant to its two year retention policy, will be produced in response to discovery requests propounded by the EEOC.

5. Should any portion of said job applications be filed with the Court prior to trial, all identifying information (name, social security number, date of birth, contact information) shall be redacted by the filing party. Each job applicant shall be identified by a letter or number to the extent the parties need to reference the individual in motions, etc. This agreement does not preclude a party from seeking relief from this clause should a party deem it necessary to submit into evidence portions of the job applications during trial.

6. Material subject to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from said material shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

7. Material subject to this Order shall not be furnished, shown or revealed to any person except "qualified persons," which, as used herein, shall refer collectively to (1) the individual attorneys and paralegals handling the matter for the firm or agency which is counsel of record for each of the parties; (2) any consultants and/or expert witnesses retained by any party or

their counsel; (3) any court reporter recording deposition testimony in this lawsuit; and (4) the parties to this action, but only as necessary for such parties to be informed as to the evidence in the litigation and /or for purposes of making decisions regarding the handling and disposition of the litigation. All such "qualified persons" agree not to disseminate the material subject to this order to any one else.

       8. Each "qualified person" to whom documents subject to this order will be produced will be furnished a copy of this stipulation and shall agree to abide by the terms and conditions herein in writing.

       9. Nothing herein shall be construed to waive any objection based upon lack of relevancy or any applicable privileges as authorized by Federal law.

       10. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under F.R.C.P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

       11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

       12. This Order shall survive the final termination of this action, to the extent that the information produced subject to this Order is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed herein. Upon termination of this case, counsel for the parties shall promptly assemble and return to the disclosing party all documents, materials and deposition transcripts subject to

this Order and all copies of same, or shall certify the destruction thereof. However as to the EEOC, nothing in this order shall be interpreted as limiting or overriding the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act."

DATED: October\_\_\_, 2009

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY:_____
CYNTHIA O'HARA
Attorneys for Plaintiff EEOC

DATED: October\_\_\_, 2009

BY:_____
BOWEN DEAN BLACK SWAN
Intervenor in Propria Persona

DATED: October\_\_\_, 2009

LOMBARDI, LOPER & CONANT, LLP

By:_____
GAYLYNN KIRN CONANT
Attorneys for Defendant Dudley Perkins

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

## **ORDER**

Good cause appearing, the foregoing stipulated matters are so ORDERED.

11/18/09

_____
HON. CLAUDIA A. WILKEN

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541