UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br>and<br><br>Bowen Dean Black Swan<br><br>　　　　Plaintiff-Intervenor,<br><br>　　v.<br><br>Dudley Perkins Company<br><br>　　　　Defendant.<br>_____ | No. C 08-4552 CW (JL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DESIGNATION OF EXPERT WITNESS (Docket #44)** |

## I. Introduction

Plaintiff Equal Employment Opportunity Commission ("EEOC") moves to strike Defendant's designation of Plaintiff-Intervenor's treating physician as a non-retained expert witness. This matter and all further discovery motions were referred to this Court by the district court (Hon. Claudia Wilken) pursuant to Civil Local Rule 72-1 (Docket # 49). The Court heard the matter on March 17, 2010. Attorney for EEOC was Cindy O'Hara, EEOC - SAN FRANCISCO DISTRICT OFFICE; Attorney for Defendant Dudley Perkins Company was Gaylynn Kirn Conant, LOMDARDI LOPER & CONANT, LLP. Plaintiff-Intervenor Bowen Dean Black Swan ("Ms. Black Swan"), who is proceeding in pro per, did not file any

papers relative to EEOC's motion, nor did she appear at the hearing. The Court carefully considered the pleadings and arguments of counsel and hereby DENIES the motion.

## II.   Factual and Procedural Background

On September 30, 2008, EEOC filed this action on behalf of Ms. Black Swan. The complaint alleges that Defendant unlawfully refused to hire or assign Ms. Black Swan to a lot technician position or any other technician position solely because of her sex. (Complaint, Dkt # 1, p. 1). The complaint further alleges that Defendant unlawfully terminated Ms. Black Swan's employment in retaliation for her filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.*). EEOC sues for alleged sexual discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, and seeks, among other relief, compensation for non-economic losses including "pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and humiliation." (*Id.*, ¶. 1, 5).

On December 29, 2008, Ms. Black Swan moved to intervene (Dkt #8), which motion the court granted on February 3, 2009 (Dkt #21). In her complaint in intervention, Ms. Black Swan sues for alleged sexual discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964. (Complaint in Intervention, Dkt # 25, ¶. 3-5). She also sues under State law for sexual discrimination and unlawful retaliation in violation of California's Fair Employment and Housing Act ("FEHA") and California public policy. (*Id.* ¶. 5-7). She also states a cause of action for intentional infliction of emotional distress in violation of the California Constitution, FEHA, and California public policy. (Id. at ¶ 7-8). She alleges that Defendant engaged in intentional conduct which caused "anguish and distress" that "continues to the present time." (Id. p. 8 at ¶29). Ms. Black Swan seeks, among other relief, damages for mental and emotional distress. (*Id.* ¶. 7-8).

On March 6, 2008, EEOC and Ms. Black Swan jointly provided initial disclosures to Defendant, pursuant to Federal Rule of Civil Procedure 26(a). Plaintiffs identified psychiatrist Jennifer Cummings, Ms. Black Swan's "treating mental health provider," as a

1  fact witness who would provide testimony concerning the "emotional distress" of Ms. Black
2  Swan.  (Declaration of Cindy O'Hara, Dkt # 45-1, Exhibit 1, at ¶15).  On December 4, 2009,
3  Defendant designated Dr. Cummings as a "non-retained" expert witness to testify as to her
4  opinion on "causation, diagnosis, prognosis, extent of disability and other matters based
5  upon her care and treatment of Bowen Dean Black Swan."  (Declaration of Cindy O'Hara,
6  Dkt # 45-2, ¶1).  EEOC moved to strike Defendant's expert designation on December 17,
7  2009 (Dkt # 44).  Both Defendant and EEOC timely filed their respective responsive
8  papers.

9  The deadline for the disclosure of the identities and reports of expert witnesses was
10 December 4, 2009. (See Case Management Order, Dkt # 27).  The deadline for rebuttal
11 witnesses was January 5, 2010.  (*Id.*).   The deadline for completion of fact and expert
12 discovery was continued from February 5, 2010 to May 5, 2010.  (See Dkt # 51).

### III.    The Parties' arguments

14 Plaintiff EEOC argues that treating physicians need not be disclosed as experts if
15 they are testifying only about their examination, diagnosis, and treatment of the patient.
16 They also contend that allowing Defendant to call Dr. Cummings as a non-retained expert
17 witness would jeopardize the psychotherapist-patient privilege between Dr. Cummings and
18 Ms. Black Swan by opening the door for Defendant to communicate *ex parte* with Dr.
19 Cummings.  In its reply, EEOC cites a number of cases in support of its position that
20 treating physicians need not be disclosed as expert witnesses.  These cases, however, do
21 not follow Ninth Circuit precedent which require disclosure of treating physicians as
22 experts.

23 In its opposition, Defendant argues, without citation to any authority, that Rule 26
24 and related case law typically requires designation of a treating physician if a party intends
25 to elicit testimony of an expert nature.  Defendant takes the position that Ms. Black Swan
26 has waived the psychotherapist-patient privilege by alleging damages for emotional
27 distress and by claiming that her treatment with Dr. Cummings arose out of her
28 employment with Defendant.  Importantly, Defendant indicates it has no intention of

communicating *ex parte* with Dr. Cummings and is willing to abide by a protective order setting forth limitations on any such communication.

**IV. Legal Analysis**

**A. Defendant properly disclosed Plaintiff-Intervenor's treating physician as an expert witness pursuant to Rule 26(a)(2)(A).**

Parties must disclose the identity of experts who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. *Fed. R. Civ. P. 26(a)(2)(A)*. According to the advisory committee's notes, the purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts. *Fed. R. Civ. P. 26 advisory committee's note (1993)*. The term "expert witness" in Rule 26 refers to those persons who will testify under Rule 702 of the *Federal Rules of Evidence* with respect to scientific, technical, and other specialized matters. If a party fails to comply with the requirements set forth in Rule 26(a)(2), as a sanction that party can be barred from using the evidence. Fed. R. Civ. P. 37(c)(1).

Courts are somewhat divided on whether to consider treating physicians as fact witnesses or as experts. Several courts, including courts in the Ninth Circuit, have held that treating physicians are expert witnesses who must always be disclosed under Rule 26(a)(2)(A).[1] Other courts take a more flexible approach, and allow a treating physician to testify as a fact witness at trial, so long as his or her testimony is limited to observations of the patient during treatment, which generally means that conclusions or opinions regarding

---

[1] See, e.g., *Redfoot v. B.F. Ascher & Co.*, 2007 U.S. Dist. LEXIS 40002, at *40 (N.D. Cal. June 1, 2007)(Judge Hamilton)("Treating physicians must be identified as expert witnesses pursuant to Rule 26(a)(2)(A)."); *Henricksen v. Conoco Phillips Co.,* 605 F. Supp. 2d 1142, 1160 (E.D. Wash. 2009) (Even if party elects to call physician to testify only as to treatment, the party still must disclose that person as someone he or she intends to call as an expert); *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 88 (N.D.N.Y. 2004) ("[W]e can comfortably conclude that a treating physician's testimony is governed by Rule 702, rather than Rule 701."); *Aumand v. Dartmouth Hitchcock Med. Ctr.* 611 F. Supp. 2d. 78 (DC NH, 2009)(treating physician must be disclosed as expert witnesses because diagnoses, prognoses, or similar conclusions as to patient's condition are based on specialized knowledge).

causation are excluded, unless the physician has been disclosed as an expert under Rule 26(a)(2)(A).[2]  EEOC argues that the case law is clear that Dr. Cummings need not be identified as an expert in order to testify concerning her examination, diagnosis, and treatment of Ms. Black Swan.  While this may be true in some circuits, Ninth Circuit case law makes clear that testimony by treating physicians specifically concerning causation is considered expert testimony within the meaning of Rule 72 and requires expert disclosure.  Even courts that adhere to the more flexible approach would likely limit Dr. Cummings' testimony as a fact witness to her observations of Ms. Black Swan during treatment and would exclude any testimony concerning causation.

Causation is a crucial component of the parties' claims and defenses in this matter.  Defendant seeks testimony from Dr. Cummings that has the "flavor" of expert testimony.  Accordingly, rather than risk having the court exclude Dr. Cummings' testimony entirely, Defendant has properly disclosed Dr. Cummings as an expert witness under Rule 26(a)(2)(A).  Defendant's designation of Dr. Cummings as a "non-retained expert" does not make her instantly susceptible to *ex parte* communications with Defendant.

Because Dr. Cummings' testimony will likely be limited to her opinion on causation formed at the time of treatment, she will not be required to provide an expert report for

---

[2] *Frederick v. Hanna*, 2007 U.S. Dist. LEXIS 18626, at *19-20 (W.D. Pa. 2007)(Physician allowed to testify regarding treatment, examination and diagnosis of Plaintiff, but not allowed to proffer any expert opinions); *Vecchio v. Schaefer,* 244 F.R.D. 552 (WD Mo, 2007)(as fact witnesses, treating physicians could only testify concerning matters arising out of plaintiff's treatment; they could not give expert opinion as to medical causation); *Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004)(Treating physicians could testify as to treatment, but could not render expert opinions as to standard of care because they had not been designated as experts); *Principi v. Survivair, Inc.* 231 F.R.D. 685 (MD Fla, 2005)(Treating physician's proposed testimony regarding causation constituted expert testimony and was not admissible because had not been disclosed as expert); *Parker v. Cent. Kan. Med. Ctr.*, 178 F Supp 2d 1205 (DC Kan, 2001)(physician who was not named as expert witness could only provide testimony within the scope of her treatment of patient); *Widhelm v. Wal-Mart Stores, Inc.,* 162 F.R.D. 591, 594 (D. Neb. 1995) (non-disclosed treating physicians were permitted only to testify about their treatment of plaintiff and the reasonableness of their bills and not about causation or plaintiff's permanent disability rating); *Zarecki v. National R.R. Passenger Corp.*, 914 F. Supp. 1566, 1572-1573 (N.D. Ill. 1996) (Testimony of treating physician concerning causation and foreseeability of plaintiff's injuries excluded because was expert opinion outside the scope of plaintiff's treatment and physician had not been disclosed as expert).

Defendants.  The majority rule, followed by courts in the Ninth Circuit, is that "Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment." *Sprague v. Liberty Mut. Ins. Co.*, 177 F.R.D. 78, 81 (D. N.H. 1998) (collecting cases).[3]  Under the majority approach, an expert witness report is only required where the treating physician is specially retained to render a medical opinion and his or her proposed testimony extends beyond facts made known to him or her during the course of care and treatment of the patient.  *Ordon v. Karpie*, 223 F.R.D. 33, 36 (D. Conn. 2004); *Hall v. Sykes*,164 F.R.D. 46, 48 (E.D.Va. 1995).

**B.  In alleging specific emotional injury and damages for emotional distress, Plaintiff-Intervenor has waived the psychotherapist-patient privilege with respect to her treatment by Dr. Cummings.**

Federal courts recognize a psychotherapist-patient privilege.[4] *Jaffee v. Redmond*, 518 U.S. 1, 12 (1996) (psychotherapist-patient privilege serves the public interest by facilitating appropriate treatment).  The party invoking the privilege bears the burden of showing it exists.  *United States v. Romo,* 413 F. 3d 1044, 1047 (9th Cir. 2005)*.*  In *Jaffee*,

---

[3] *See also, Armatis v. Owens-Brockway Glass Container, Inc.,* 2010 U.S. Dist. LEXIS 7995 (report required only for witnesses "retained or specifically employed to provide" expert testimony); *Redfoot v. B.F. Ascher & Co.*, 2007 U.S. Dist. LEXIS 40002, at 40 (N.D. Cal. Jun. 1, 2007) (treating physician may testify concerning existence and cause of diagnosed medical condition without submitting report); *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 2006 U.S. Dist. LEXIS 57113 (N.D. Cal., Aug. 3, 2006) (expressing the majority rule from *Sprague*); *Fielden v. CSX Transp. Inc.,* 482 F.3d 866, 870-71 (6th Cir. 2007) (formal report not required when determining causation is an integral part of treating a patient); *Watson v. United States,* 485 F.3d 1100, 1107 (10th Cir. 2007)(no report required where doctor did not regularly give expert testimony).

[4] It is appropriate to apply the federal privilege in this instance, even though Plaintiff-Intervenor alleges IIED in violation of State law.  According to Federal Rule of Evidence 501 ("Rule 501"), if federal substantive law controls a civil case, federal common law would control the question of privilege.  In a diversity case, where state substantive law controls, Rule 501 instructs a federal court to apply the state law of privilege.  Rule 501 is silent as to which privilege applies when the court is hearing a state law claim pursuant to supplemental jurisdiction.  Federal courts, however, have consistently held that the federal law of privilege applies in such situations.  See *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 226-227 (1997)(collecting cases).

the Court recognized that the psychotherapist privilege can be waived, but did not elaborate on what constitutes waiver of the privilege. *Jaffee*, 518 U.S. at 15, n. 14.

Since the psychotherapist-patient privilege was first delineated in *Jaffee*, district courts have adopted different approaches to the question of waiver. See *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-37 (N.D. Cal. 2003). Under the broad approach, courts have held that a simple allegation of emotional distress in a complaint constitutes waiver.[5] Under the narrow approach, courts have held that there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived.[6] Under a third "middle ground" approach, a plaintiff only waives the privilege if she has alleged something more severe or complex than "garden-variety" emotional distress.[7] Lower courts in California have been somewhat inconsistent and have applied both views when considering whether the psychotherapist privilege has been waived.[8]

---

[5] *Sanchez v. U.S. Airways Inc*, 202 F.R.D. 131 (E.D. Penn. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim and waives the privilege); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in American with Disabilities Act case who alleged defendant did not accommodate her depression waived psychotherapist-patient privilege); *EEOC v. Danka Industries, Inc.*, 990 F. Supp. 1138 (E.D. Missouri, 1997) (Plaintiff waived psychotherapist patient privilege by alleging emotional distress damages in sexual harassment case brought pursuant to Title VII).

[6] *Fitzgerald v. Cassil*, 216 F.R.D.632 (N.D. Cal. 2003)(psychotherapist privilege not waived where plaintiff alleges generic damages for emotional distress); *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 621 (S.D. Cal. 1999) (holding that party did not waive the privilege by alleging emotional damages); *Ruhlman v. Ulster County Department of Social Services*, 194 F.R.D. 445, 448-449 (N.D. N.Y. 2000) ("A party does not put his or her emotional condition at issue by merely seeking incidental, 'garden variety' emotional distress damages, without more."); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-309 (N.D. Ill. 1999) (privilege was not waived so long as plaintiff limited her testimony on emotional distress damages to common humiliation and embarrassment).

[7] *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n. 6 (N.D. N.Y. 2000)(plaintiff did not waive the psychotherapist-patient privilege by seeking "incidental emotional distress damages"); *Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D. Ill. 1999)(plaintiff avoided waiver of the privilege by limiting the compensation she sought to humiliation, embarrassment, anger, and other similar emotions).

[8] Applying the broad approach, see *EEOC v. Consol. Realty, Inc.*, 2007 U.S. Dist. LEXIS 36384 (D. Nev. May 16, 2007)(privilege was waived where plaintiff alleged she suffered emotional distress as a result of defendant's wrongful acts and sought compensatory damages for emotional distress); *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal.

This Court need not determine which line of authority applies to the facts of this case, because in applying either the broad, the middleground, or the narrow line of authority, the Court arrives at the same result.  Plaintiff-Intervenor, Ms. Black Swan, has put her mental state at issue by alleging emotional damages and by asserting a claim for intentional infliction of emotional distress.[9]  Moreover, in their initial disclosures, both Plaintiff EEOC and Plaintiff-Intervenor affirmatively rely on two of Ms. Black Swan's treating mental health providers to testify regarding Ms. Black Swan's emotional distress, in effect, opening the door for discovery concerning her psychological treatment.  As Defendant points out, Ms. Black Swan testified at deposition that she sought treatment from Dr. Cummings *because* she believed she was being discriminated against and felt she was about to lose her job.   Defendant must be free to test the veracity of Plaintiff's claim for emotional injury resulting from Defendant's alleged conduct, and to explore whether other circumstances may have caused the emotional injury.  Accordingly, the Court finds that Ms. Black Swan has waived her psychotherapist-patient privilege as to any subject that she may have discussed with Dr. Cummings.

**V.   Conclusion**

The Court hereby DENIES Plaintiff EEOC's Motion to Strike Defendant's Designation of Expert Witness.

---

2009)(privilege waived where plaintiff alleged emotional distress damages, but no specific emotional injury).  Applying the middleground or narrow approach, see *Valentine v. First Advantage Saferent Inc.*, 2009 U.S. Dist. LEXIS 107486 (C.D. Cal. Sept. 18, 2009)(no waiver of privilege where plaintiff did not allege any specific emotional injury or unusually severe emotional distress, and agreed that he would not testify regarding psychological treatment or call psychotherapist as witness); *Batts v. County of Santa Clara*, 2009 U.S. Dist. LEXIS 102763 (N.D. Cal. Nov. 6, 2009)(no waiver of privilege because there was no indication that Plaintiff relied on any pre-incarceration communications with therapists to support her claim for psychiatric injury); *Fitzgerald v. Cassil,* 216 F.R.D. 632 (N.D. Cal. 2003)(psychotherapist privilege not waived where plaintiff alleged generic damages for emotional distress).

[9] Interestingly, neither party brought Plaintiff-Intervenor's IIED cause of action to the Court's attention, despite its relevance to a determination of waiver of the psychotherapist-patient privilege.

1    This Court hereby issues a protective order that Defense counsel shall not engage in
2 any *ex parte* communication with Dr. Cummings except for its administrative staff to
3 schedule depositions.  This restriction will protect Ms. Black Swan's privacy interests while
4 ensuring that  the parties are allowed to fully and fairly prepare to litigate this matter.
5    IT IS SO ORDERED.
6 DATED: April 1, 2010

_____
JAMES LARSON
U.S. Magistrate Judge

G:\JLALL\CASES\CIV-REF\08-4552\Order-44.wpd