WILLIAM R. TAMAYO (CA Bar No. 084965)
DAVID OFFEN-BROWN (CA Bar No. 063321)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. C-08-4552-CW |
| Plaintiff, | **SECOND STIPULATED PROTECTIVE ORDER** |
| and | |
| **BOWEN DEAN BLACK SWAN,** | |
| Plaintiff-Intervenor, | |
| v. | |
| **DUDLEY PERKINS COMPANY,** | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties to this action:

1. Disclosure and discovery activity in this action involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use of any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal: Civil Local Rule 79-5 sets forth procedures that must be followed and reflects the standards that will be subject to the approval of this Court, the parties hereby stipulate to the following protective order:

2.      In connection with discovery proceedings in this action, the parties agree that Plaintiff Equal Employment Opportunity Commission (EEOC) will produce the file of Dr. Jennifer Cummings, M.D. (Cummings file), reflecting her treatment of Plaintiff Intervenor Bowen Dean Black Swan (Black Swan).  The parties agree that the production of these records does not constitute a waiver of any other medical or psychotherapy records of Black Swan.

3.      Should the Cummings file, or any portion thereof be filed with the Court prior to trial, the parties agree that they will request to have the file or any portion thereof filed under seal. This agreement does not preclude a party from seeking relief from this clause should a party deem it necessary to submit into evidence the Cummings file or portions thereof during trial, nor does it preclude a party from seeking to exclude the Cummings file or any portion thereof through a motion in limine or other means to limit its introduction at trial.

4.      Material subject to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from said material shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purpose.

5.      Material subject to this Order shall not be furnished, shown or revealed to any person except "qualified persons," which, as used herein, shall refer collectively to (1) the individual attorneys and paralegals handling the matter for the firm or agency which is counsel of record for each of the parties; (2) any consultants and/or expert witnesses retained by any party or their counsel; (3) any court reporter recording deposition testimony in this lawsuit; and (4) the parties to this action, but only as necessary for such parties to be informed as to the evidence in the litigation and /or for purposes of making decisions regarding the handling and disposition of the litigation. All such "qualified persons" agree not to disseminate the material subject to this order to any one else.

6. Each "qualified person" to whom documents subject to this order will be produced will be furnished a copy of this stipulation and shall agree to abide by the terms and conditions herein in writing.

7. Nothing herein shall be construed to waive any objection based upon lack of relevancy or any applicable privileges as authorized by Federal law.

8. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under F.R.C.P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

10. This Order shall survive the final termination of this action, to the extent that the information produced subject to this Order is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed herein. Upon termination of this case, counsel for the parties shall promptly assemble and return to the disclosing party all documents, materials and deposition transcripts subject to this Order and all copies of same, or shall certify the destruction thereof. However as to the EEOC, nothing in this order shall be interpreted as limiting or overriding the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act."

E-filing concurrence: I, Cindy O'Hara, counsel for Plaintiff EEOC, certify that I have obtained the concurrence of GayLynn Conant, counsel for Defendant, and Bowen Dean Black Swan,

1  Intervenor in *pro per*, for the filing of this stipulated protective order.

2

3  DATED:  April 2, 2010            DATED: April 2, 2010              DATED: April 2, 2010

4  EQUAL EMPLOYMENT                                                   LOMBARDI, LOPER &
   OPPORTUNITY                                                        CONANT, LLP
5  COMMISSION

6
    /S/                              /S/                               /S/
7  CINDY O'HARA                     BOWEN DEAN BLACK                  GAYLYNN KIRN
   Attorneys for Plaintiff EEOC     SWAN                              CONANT
8                                   Intervenor in Propria             Attorneys for Defendant
                                    Persona                           Dudley Perkins
9

10

11
                                            **ORDER**
12
              Good cause appearing, the foregoing stipulated matters are so ORDERED.
13

14  DATED:  4/5/2010                        _____
                                            United States District Court Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28